PLEUS, J.,
dissenting.
I respectfully dissent because the trial court erred in finding the child dependent based solely upon the mother’s financial inability to provide for her child. All dependency cases are heartbreaking, but the mother’s age and tragic background should not be determining factors in the trial court’s decision.
A court’s final ruling of dependency is a mixed question of law and fact and will not be sustained on review if the court applied incorrect law or its ruling is not supported by competent substantial evidence. In Re M.F., 770 So.2d 1189, 1192 (Fla.2000). A finding of neglect may not be based on financial inability “unless actual services for relief have been offered to and rejected by such person.” § 39.01(45), Fla. Stat. (2001).
In the instant case, the trial judge found that the child was at risk of prospective neglect because the mother did not have a job, savings or other income sufficient to support the child. There were no findings or evidence of any other act or omission to support a finding of prospective neglect. Additionally, there was no evidence that the Department of Children and Families offered the mother services for the child, much less evidence that the mother rejected those services. Thus, the court’s finding of prospective neglect based solely on the mother’s financial condition was an incorrect application of the law.
*1231 Contrary to the majority opinion, the lower court’s ruling also fails under section 39.01(14)(e), Florida Statutes (2001), which allows the court to find a child dependent if the child is found “to have no parent or legal custodians capable of providing supervision and care.” Although the lower court found that the mother “is unable to provide care for the support of her child,” it failed to find that the mother was unable to supervise her child. The statute requires both findings. Even if the court had found that the mother was unable to supervise the child, this finding would not have been supported by competent substantial evidence. There was no evidence that the mother failed to supervise her child.
Additionally, there was no evidence presented that the father was incapable of providing care and supervision. The majority argues that the trial court’s dependency adjudication is supported by its finding that the child support the mother received from the father was “sporadic and insufficient to allow the mother to support the child if she were not in foster care.” The record does not support this finding. In fact, it was uncontradicted that the father paid the mother $200 every two weeks for child support. Thus, the evidence and the court’s findings are insufficient to support an adjudication of dependency under section 39.01(14)(e), Florida Statutes.
The only other basis mentioned by the lower court in its oral findings was that the prior placement was inappropriate for the child, presumably because the relative caregiver had been arrested for on a drug charge. This ground is also insufficient to support a finding of dependency for at least two reasons. First, DCF was responsible for making that placement, not the mother. DCF cannot place the mother in an unhealthy environment and then use that as a basis to argue that her child is dependent. Second, there was no evidence that the caregiver’s arrest for possession of cocaine had any detrimental effect on the child. Nor is there evidence the caregiver was convicted after the arrest. The record is devoid of testimony that anything happened in the presence of the child or that the child would have understood, if it did. See, Department of Children and Families v. V.V. and R.M., as Parents of S.M., 26 Fla. L. Weekly D2717 (Fla. 5th DCA Nov.16, 2001).
Therefore, I would reverse the adjudication of dependency.